IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02249-LTB-MEH

ROY D. SPENCER,

    Plaintiff,

v.

U.S. POSTAL SERVICE, and,
JOHN E. POTTER, Postmaster General,

    Defendants.

---

## MINUTE ORDER

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on February 4, 2009.**

Plaintiff's Motion for Leave to File Second Amended Complaint [filed February 3, 2009; docket #27] is **denied without prejudice**. Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served, after which a party may amend its complaint only by leave of the court or by written consent of the adverse party. *See Foman v. Davis,* 371 U.S. 178, 182 (1962). The Court must heed Rule 15's mandate that leave is to be "freely given when justice so requires;" however, leave to amend may be refused "on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.*

After initial review, the Court denies Plaintiff's Motion because Plaintiff fails to reveal any factual basis for his claims, making conclusory statements only, and leave to file a Second Amended Complaint appears futile. Fed. R. Civ. P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." *Blazer v. Black*, 196 F.2d 139, 144 (10th Cir. 1952). The content of a complaint must provide defendants "fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991). The Court has ordered Plaintiff twice, once on the record and once in a minute order, to clearly identify his claim (*i.e.*, what wrongful employment action he suffered, and why that action was wrongful under the law) and the facts giving rise to his claim, including relevant dates and persons involved, in his proposed Second Amended Complaint. The proposed Second Amended Complaint, albeit on the proper form and with the requested attached documents, does not include adequate factual allegations giving rise to Plaintiff's claims. Accordingly, the Motion for Leave is denied without prejudice, and Plaintiff may re-file a complaint compliant with Fed. R. Civ. P. 8 and D.C. Colo. LCivR 8.1, on or before **February 12, 2009**.