IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02249-KLM-MEH

ROY D. SPENCER,

       Plaintiff,

v.

U.S. POSTAL SERVICE and,
JOHN E. POTTER, Postmaster General,

       Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on the Defendants' **Motion for Summary Judgment**
[Docket No. 47; Filed August 31, 2009] (the "Motion").  The Court is exercising consent
jurisdiction over this matter, pursuant to 28 U.S.C. § 636(c), Fed.R.Civ.P. 73.  The Plaintiff
has filed a Response [Docket No. 53; Filed October 5, 2009], and the Defendants have filed
a Reply [Docket No. 54; Filed October 20, 2009]. This matter is ripe for resolution.
Because there is no genuine issue of material fact regarding whether Plaintiff is disabled
for purposes of applicable law, the Court **GRANTS** the motion.

## I.    Factual and Procedural History

      Plaintiff sought employment from the U.S. Postal Service ("USPS") as a city carrier.
He was denied employment, and he claims that Defendants did not hire him because of a
physical disability.  He brought this action alleging that by denying him employment,

Defendants unlawfully discriminated against him.[1]  Plaintiff is proceeding *pro se.*

The physical disability claimed by Plaintiff is a bad back.  Plaintiff claims that due to his back condition, he is unable to walk more than two hours without a five-minute rest. *Plaintiff's Interrogatory Answers*, Docket No. 47, Ex. A-7.  Plaintiff first injured his back in 1975 while in the military.  *Deposition of Roy Spencer*, Docket No. 47, Ex. A-3, 101:17-25, 102:1-10.  The U.S. Department of Veterans Affairs ("VA") grants disability benefits to those veterans it determines to have decreased earning capacity due to injuries sustained while they served in the armed services.  It assigns an injured veteran a rating known as a "VA disability rating."  As a result of his injury, Plaintiff received a 20% VA disability rating. *Plaintiff's Medical File*, Docket No. 49, p.1019-1025 (sealed).[2]  He injured his back again in 2001.  *Deposition of Roy Spencer* [#47] at 28-30.  In reassessing Plaintiff's VA disability rating in 2002, the VA found that a 20% rating remained appropriate.  *Plaintiff's Medical File* [#49] at 1023 (sealed).

As it does for all potential hires, the USPS conducted a medical assessment of Plaintiff in order to determine whether he could perform the functions of a city carrier

---

[1] In his Complaint, Plaintiff asserts federal court jurisdiction pursuant to Title VII, 42 U.S.C. § 2000e-5.  However, he does not allege discrimination based on race, color, religion, sex, or national origin.  *See* 42 U.S.C. § 2000e-2.  In the body of his Complaint, he claims Defendants violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*  Because Plaintiff alleges discrimination by a federal agency due to a physical disability, his claim is brought properly under only the Rehabilitation Act.  *See Johnson v. U.S. Postal Serv.*, 861 F.2d 1475, 1476 (10th Cir. 1988) (finding that "section 501 of the Rehabilitation Act, 29 U.S.C. § 791, is the exclusive remedy for discrimination in employment by the Postal Service on the basis of a handicap" (quoting *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 413 (9th Cir. 1985)); *see also* 29 U.S.C. §§ 791, 794.  Defendants interpreted the claim as brought under the Rehabilitation Act, and the Court does the same.

[2] In his deposition, Plaintiff stated that he received an initial VA disability rating of 10% but that the rating recently increased to 20%.  *Deposition of Roy Spencer* [#47] at 102:4-10.  As cited above, however, a review of his medical file reveals that he received a rating of 20% in 1976, 1996, and 2002.

effectively and safely and whether he had any medically necessary activity restrictions.

The USPS has a medical unit that performs these medical assessments. *Declaration of*

*Char Ehrenshaft*, Docket No. 47, Exhibit A-1, ¶ 5.  As a part of the medical assessment

process, Plaintiff met with various personnel of the USPS medical unit, including Dr.

Matthew Hine, the USPS medical review officer assigned to the Plaintiff's case.  At Dr.

Hine's request, Plaintiff then underwent a Functional Capacity Evaluation, completed by a

physical therapist, and a physical examination, conducted by an independent physician, Dr.

John Raschbacher.  *Deposition of Dr. Matthew Hine*, Docket No. 47, Exhibit A-4, 41:4-25,

42:1-9.  Based on these assessments and on his own review of other documents in

Plaintiff's medical file, Dr. Hine concluded that Plaintiff's restrictions were:

> May occasionally lift and carry up to 50 pounds.  May rarely lift from below knee
> level.  May bend stoop and twist occasionally.  May lift not more than 20 pounds
> from below knee lev[el.]  Allow to alternate sitting, standing and walking every 45
> minutes.

*Medical Assessment Determination 10/15/02*, Docket No. 47, Exhibit A-1, Attachment 1.

After receiving Plaintiff's response to his request for additional input, Dr. Hine modified his

recommendations as follows:

> No handling (lifting or carrying) over 50 pounds.  May handle up to 50 pounds
> occasionally.  May handle up to 30 pounds frequently.  May bend, stoop and twist
> occasionally.  May lift not more than 30 pounds from below knee level.

*Medical Assessment Determination 1/31/03*, Docket No. 47, Exhibit A-1, Attachment 5.  By

"occasionally," Dr. Hine meant up to one-third of a typical eight-hour work day.  *Deposition*

*of Dr. Matthew Hine* [#47] at 77:7-12.

According to the "Job Analysis/Essential Functions" description of the city carrier

position, a city carrier must bend, twist, and stoop for one to two hours while casing mail

and for three to four hours while delivering mail, for a total of four to six hours during an eight-hour work day. *See Job Analysis/Essential Functions*, Docket No. 47, Exhibit A-1, Attachment 2.

Because Plaintiff's activity restrictions conflicted with the requirements of the job, his case was reviewed by the District Reasonable Accommodation Committee ("DRAC"). Char Ehrenshaft, the DRAC Coordinator, contacted Plaintiff and asked him to provide information on what types of accommodation he believed would allow him to perform the position of city carrier. *Declaration of Char Ehrenshaft* [#47] at ¶ 10. Plaintiff responded that he could perform the job "without restrictions," and did not request any accommodations. *Id.* at ¶ 13. Ultimately, after a site visit during which the DRAC obtained additional input from Plaintiff, the USPS determined that because of the condition of his back, Plaintiff was unable to perform the job of city carrier. It found that it could not provide a reasonable accommodation to Plaintiff's bending, twisting, and stooping restriction and denied Plaintiff employment as a city carrier.[3]

After being informed of the DRAC decision, Plaintiff requested reconsideration. With his request for reconsideration he included a note from Michael E. Feign, D.O, which stated that Plaintiff did not have any activity restrictions. *See Note from Dr. Feign*, Docket No. 47, Exhibit A-1, Attachment 11. Because the note did not include any medical basis for Dr. Feign's opinion, Dr. Hine determined that adjustment of his assessment of Plaintiff's activity restrictions was not warranted. *Deposition of Dr. Matthew Hine* [#47] at 60:8-19.

---

[3] Specifically, the DRAC found that while Plaintiff's restrictions could be ameliorated during the casing phase of the job, as other carriers would be available to assist Plaintiff, ameliorations of those restrictions during the delivery phase would require hiring an employee to accompany Plaintiff on his rounds, at a cost of $19,774.96 per year. *See Declaration of Jay Jung*, Docket No. 47, Exhibit A-2, ¶ 13.

4

Plaintiff brought this action, claiming that by denying him employment as a city carrier, Defendants unlawfully discriminated against him based on a physical disability.  In the instant motion, Defendants seeks summary judgment in their favor.

## II.     Standard of Review

The purpose of a summary judgment motion is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Fed.R.Civ.P. 56(c) provides that summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986).  A fact is material if it might affect the outcome of the suit pursuant to the governing substantive law. *Id.*

The movant must show the absence of a genuine issue of material fact.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323).  Where, as here, the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671.  After the movant has met his initial burden, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of the claim such that a reasonable jury could find in his favor. *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  The nonmovant must go beyond the

5

allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). Further, the nonmoving party's affidavit or evidence must be more than "mere reargument of a party's case or a denial of an opponent's allegation" or it will be disregarded. See 10B Charles Alan Wright et al., Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For example, the Court may treat a *pro se* litigant's Response as an affidavit if it alleges facts based on personal knowledge and has been sworn under penalty of perjury. See *Hall*, 935 F.2d at 1111 (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n. 1 (10th Cir. 1985) (citation omitted)). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. See *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## III.   Analysis

Under the Rehabilitation Act, a federal agency such as the USPS may not

discriminate against an "otherwise qualified individual with a disability."  29 U.S.C § 794.

In order to establish a prima facie claim of employment discrimination under the

Rehabilitation Act, Plaintiff must demonstrate: "(1) that [he] is disabled under the Act; (2)

that he would be 'otherwise qualified' to participate in the program; (3) that the program

receives federal financial assistance (or is a federal agency); and (4) that the program has

discriminated against [him]."  *McGeshick v. Principi*, 357 F.3d 1146, 1150 (10th Cir. 2004).

The Rehabilitation Act specifies that "in employment discrimination cases alleging

violations of the Rehabilitation Act, '[t]he standards used to determine whether [section 794

of the Rehabilitation Act] has been violated . . . shall be the standards applied under Title

I of the Americans with Disabilities Act [the ADA].'"[4] 29 U.S.C. § 794(d).   As indicated

above, the first element of Plaintiff's prima facie case requires proof that he is disabled for

purposes of the Act.   The ADA defines "disability" as:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2) (2000); *see also Toyota Motor Manuf. Kentucky, Inc. v. Williams*, 534

U.S. 184, 193-97(2002) (discussing definition).

According to the regulations, major life activities are "functions such as caring for

oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning,

and working."  29 C.F.R. § 1630.2(l) (2007); *see also* 45 C.F.R. § 84.3(j)(2)(ii).  "To be

---

[4] The ADA was amended in 2008, and the amendments became effective January 1, 2009.  ADA Amendments Act of 2008, Pub.L.No. 110-325, 122 Stat. 3553 (2008).  Because the alleged discrimination took place before the effective date, the amendments do not apply in this case.  *See LaBrue v. Gab Robins North Am., Inc.,* No. 08-1264, 2009 WL 2355785, at *3 (D. Kan. July 29, 2009) (citations omitted). Accordingly, the prior version of the ADA applies to the present action.

substantially limited in a major life activity, 'an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives.'" *McGeshick*, 357 F.3d at 1150 (quoting *Toyota Motor Mfg.*, 534 U.S. at 198).   "A substantial limitation in a major life activity is having general restrictions on the performance of that activity in life as a whole, not merely restrictions on the ability to perform a specific job." *Id.* at 1149.

Plaintiff contends that he is disabled because of a back condition and, by implication, that he is substantially limited in the major life activity of walking.  *See Deposition of Roy Spencer* [#47] at 101:13-25, 104:10-14; *Plaintiff's Answers to Interrogatories* [#47]. Although Plaintiff claims that his back affects his ability to walk, the evidence in the record establishes that there is no genuine issue of material fact as to whether he is disabled as defined by law.[5]   That is, the evidence provided by Defendants establishes that a reasonable jury could not find in Plaintiff's favor.   Defendants therefore are entitled to summary judgment.

Plaintiff maintains that his back condition limits his ability to walk in that he is unable

---

[5] Plaintiff did not respond to Defendants' motion with admissible evidence,  as required by Fed. R. Civ. P. 56(e).  *See Celotex*, 477 U.S. at 324-35 (noting that in order to comply with Rule 56(e), nonmoving party must by way of own affidavits or other evidence gathered during discovery designate "specific facts showing that there is a genuine issue for trial").  Plaintiff's *pro se* status does not excuse his failure to properly support his opposition to Defendants' motion.  *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (finding that a plaintiff's *pro se* status "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure").  Neither the statements in his response nor those of his Complaint are verified and therefore neither are proper Rule 56 evidence.  *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (noting that a "plaintiff's complaint may also be treated as an affidavit if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury."); *see also* 28 U.S.C. § 1746 (allowing statements provided under penalty of perjury to substitute for formal sworn affidavits).  Defendants' evidence, coupled with the absence of any proper Rule 56 evidence from the Plaintiff, establishes that there is an absence of a genuine issue of material fact as to whether Plaintiff is disabled under the Rehabilitation Act.

to walk for more than two hours without a five-minute rest.     *Plaintiff's Answers to Interrogatories* [#47].   However, applicable caselaw has determined that a claimed inability to walk more than two hours without a five minute break is not a substantial limitation on Plaintiff's ability to walk – and hence not a "disability" – for purposes of the Rehabilitation Act.   *See* 29 C.F.R.§ 1630.2(j) (walking is substantially limited if individual "can only walk for very brief periods of time"); *Burns v. Snow*, 130 Fed. App'x  973, 981 (10th Cir. 2005) (noting that "[m]oderate restrictions on the ability to walk and stand have been determined not to amount to a substantial limitation"); *McCoy v. USF Dugan, Inc.*, 42 Fed. App'x 295, 297 (10th Cir. 2002) (finding that plaintiff with multiple sclerosis not substantially limited in ability to walk although at times had to hold on to wall while walking and had fallen); *Freitag v. Sonic Autos., Inc.*, No. 04-CV-164, 2006 WL 2456920, at *9 (N.D. Okla. Aug. 22, 2006) (finding individual not substantially limited in walking where "unable to walk long distances or stand for long periods of time"); *Jones v. Smith & Loveless, Inc.*, No. Civ.A. 03-2624, 2005 WL 1404445, at *10 (D. Kan. April 5, 2005) (finding no substantial limitation in walking and describing as "minor limitations" plaintiff's need to rest after walking ten to fifteen minutes); *Thalos v. Dillon Cos., Inc.*, 86 F.Supp.2d 1079, 1084 (D.Colo. 2000) (finding that individual with cerebral palsy who walked with "scissors" gait and used hand rail to go down stairs was not substantially limited in walking); *see also Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1025 (5th Cir. 1999) (finding that limping and "[m]oving at a significantly slower pace than the average person" did not constitute substantial limitation in walking); *Kelly v. Drexel Univ.*, 94 F.3d 102, 106 (3d Cir. 1996) (finding that plaintiff's inability to walk "more than a mile or so," to job, and need to go slowly up stairs did not constitute substantial limitation on ability to walk).

9

Moreover, the totality of the evidence establishes that there is no genuine issue of material fact regarding whether Plaintiff's back condition constitutes a "disability" for purposes of the Rehabilitation Act.  For example, Plaintiff has admitted under oath that his back problem does not substantially impair any major life activity, in particular his ability to use his legs to walk or run.  *See EEOC Investigative Affidavit of Roy Spencer*, Docket No. 47, Exhibit A-6 (Plaintiff's sworn affidavit stating that his back problem did not substantially impair any major life activity); *Deposition of Roy Spencer* [#47] at 107:13-25 (testifying that at the time he was evaluated for the city carrier position, he ran "a couple of miles" three or four times per week for exercise and also lifted weights).  In Plaintiff's letter to Char Ehrenshaft in response to her request for more information regarding his activity restrictions, Plaintiff stated that he could perform the job "without restrictions."  *Letter from Roy Spencer 1/16/03*, Docket No. 47, Exhibit A-1, Attachment 4.  The note from Plaintiff's doctor, Dr. Feign, also demonstrates that Plaintiff is not disabled as defined by the Rehabilitation Act.  *Note from Dr. Feign* [#47] (stating that Plaintiff has "[n]o restrictions in job [due to] history of back injury").

Likewise, Plaintiff's VA disability rating of 20% does not establish that he is disabled for the purposes of the Rehabilitation Act.  *See* 29 C.F.R. § 1630.2(k) ("The fact that an individual has a record of being a disabled veteran, or of disability retirement, or is classified as disabled for other purposes does not guarantee that the individual will satisfy the definition of 'disability' under part 1630 [of the ADA]."); *see also DiCarlo v. Potter*, 358 F.3d 408, 418-19 (6th Cir. 2004) (holding that a 20% disability rating from VA was "insufficient to demonstrate that [plaintiff] is substantially limited in a major life activity"); *Mosley v. Potter*, No. H-08-483,  2009 WL 3672830 (S.D. Tex. Nov. 2, 2009) (finding VA

disability rating alone insufficient to create genuine issue of fact that plaintiff was disabled under the Rehabilitation Act); *Burkhart v. Intuit, Inc.*, No. CV-07-675, 2009 WL 528603, at *15 (D. Ariz. Mar. 2, 2009) (finding that record of VA disability rating established history of psychological impairment but did not establish that the impairment substantially limited any major life activity). *Cf. Caputo v. Prof'l Recovery Servs.*, 261 F.Supp.2d 1249 (D.Kan 2003) (finding plaintiff's VA disability rating of 100% established plaintiff was substantially limited in the major life activity of work). In light of all of the evidence presented, no reasonable jury could find that Plaintiff is disabled as defined by the Rehabilitation Act.

Nor is there a genuine dispute of fact as to whether Plaintiff has a record of a disability. In order to have a "record of impairment," an individual must have a "history of, or [have] been misclassified as having, an impairment that has substantially limited a major life activity." *Sorenson v. Univ. of Utah Hosp.*, 194 F.3d 1084, 1087 (10th Cir. 1999). Plaintiff's response does not address any record of impairment, but throughout his Complaint and his deposition, Plaintiff refers to his VA disability rating as being in his file and reviewed by the USPS. The Court will liberally construe the Plaintiff's pleadings to have made the argument that his VA disability rating establishes a record of impairment. However, as discussed above, Plaintiff's VA disability rating does not equal a finding that Plaintiff has an impairment that substantially limits a major life activity. Accordingly, he has failed to establish a "record of impairment" as defined by the Act.

There is no genuine issue of fact as to whether Defendants regarded Plaintiff as disabled. To have "regarded [Plaintiff] as disabled" within the meaning of the statute, Defendants must have believed Plaintiff had an impairment that substantially limited a major life activity. See *McGeshick*, 357 F.3d at 1151 (10th Cir. 2004). In order to show

11

that a potential employer regarded him as disabled, Plaintiff must show that the employer had "misperceptions" about the individual.  *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999).   That is, Plaintiff must present evidence showing that Defendants (1) "mistakenly believe[d] he had a physical/mental impairment that substantially limits a major life activity" or (2) "mistakenly believe[d] that an actual non-limiting impairment substantially limited a major life activity."  *Id.*

The evidence presented by Defendants establishes that Plaintiff was treated no differently from other applicants for the city carrier position.  *See Declaration of Char Ehrenshaft* [#47] at ¶¶ 2-11 (describing steps in USPS hiring process, including medical assessment, and describing how followed those steps in evaluating Plaintiff's application); *Deposition of Dr. Hine* [#47] at 11-63 (describing process of USPS medical assessment of potential hires and how followed that process in evaluating Plaintiff).  As a result of the information generated by Defendants' ordinary application requirements, Defendants ultimately believed that Plaintiff had the restrictions described by Dr. Hine in his final assessment. Dr. Hine found that Plaintiff was limited in his ability to carry heavy weight and in his ability to bend, twist, and stoop.  These restrictions are quite circumscribed and in no way support a claim that Defendants believed, either correctly or incorrectly, that Plaintiff had substantial limitations in his ability to walk or otherwise function in life.  There is simply no admissible evidence suggesting that Defendants regarded Plaintiff as disabled.  In the absence of such evidence, there is no genuine issue of material fact regarding this issue. Importantly,  Defendants were  "free to decide that some limiting, but not substantially limiting, impairments [made Plaintiff] less than ideally suited for a job."  *Sutton*, 527 U.S. at 489.  According to the evidence presented by Defendants and undisputed by Plaintiff,

12

that is exactly what happened here.

In conclusion, Defendants have made the necessary showing that there is an absence of a genuine factual issue as to whether Plaintiff was "disabled" for purposes of the Rehabilitation Act.  Because there is no genuine issue of material fact on that issue, Defendants are entitled to summary judgment as a matter of law.  The Court need not address any further arguments made by the Defendants.[6]

## IV.    Conclusion

Accordingly, IT IS HEREBY **ORDERED** that the Motion [#47] is **GRANTED**. Judgment shall enter in favor of Defendants and against Plaintiff.

Dated:  December 29, 2009

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix

---

[6] In his response, Plaintiff makes arguments which lack merit.  He states that no reasonable accommodation was ever offered to him.  The Defendants concede as much: Plaintiff was offered no reasonable accommodation because there was no such accommodation that would address Plaintiff's restrictions.  Moreover, employers are not required to offer accommodations to persons who are not disabled as a matter of law.  *See, e.g.*, *Bolton v. Scrivner, Inc.*, 836 F.Supp. 783, 787-89 (W.D.Okl. 1993) (discussing that plaintiff must first establish he is disabled under the law before defendant liable for failure to accommodate).  Plaintiff also argues that regardless of whether he is disabled or not, "like any other new hire, [he] should be given the opportunity to prove he can perform the job."  *Plaintiff's Response*, Docket No. 53, p. 2.  The Plaintiff is mistaken, as the USPS is allowed to condition an offer of employment upon the satisfactory completion of a medical examination.  *See* 42 U.S.C. § 12112(d)(3) ("A covered entity may require a medical examination. . . and may condition an offer of employment on the results of such examination if . . . all entering employees are subjected to such an examination regardless of disability.").

13